FILED

Diana Pelaez
15532 Leadwell St.
Van Nuys, CA 91406
(818) 447-5855
NO FAX
NO EMAIL
IN PRO PER

2017 DEC 11 PM 2:47

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
SANTA ANA

BY IAW

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DUKE PARTNERS II, LLC<br>VS.<br>CARLOS FLORES and DOES 1 TO 10<br>DEFENDANT(S) | Case No.: CV17-08898 MWF (ASx)<br><br>**NOTICE OF REMOVAL UNDER [28 USC 2732, 2791, 1441, 1446 (6)] Calif. CCP 430.90]**<br><br>**From The SUPERIOR COURT OF CALIFORNIA Case No. 17B02720** |

Defendants allege:

**PARTIES AND COUNSEL**

1. Defendant, Diana Pelaez, is a party in a California State Court filed in Los Angeles County Superior Court, concerning real property located at 15532 Leadwell St.,Van Nuys, CA 91406 [hereafter "premises"], within this court's jurisdiction.

2. Defendant, former owner of the premises, and participants in this litigation.

3. Whereas this action was filed in California State Court only against the former owner of the premises, Defendant is a bona fide tenant under the "Protecting Tenants at Foreclosure Act"

4. Plaintiff is represented by Counsel in the State Court action as follows:

Law Offices of Sam Chandra
ATTN: Sam Chandra SBN 203942
710 S. Myrtle Ave., #600
Monrovia, CA 91016
TEL.: (626)305-0555

**Federal Question**

5. Plaintiff has actually filed a Federal Question action in State Court, for which the State Court Action is removed under 28 U.S.C. 1441 *et seq.* and *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042-43 (9th Cir. 2009); 28 U.S.C. 2731.

6. New federal legislation effective May 21, 2009, as amended in July, 2010, as Public Law 111-203, the "Protecting Tenants at Foreclosure Act 2009," 12 U.S.C. 5220, note [hereafter "PFTA" preempted State Law as to bona fide Residential tenants of foreclosed Landlords [*Florida Lime & Growers, Inc v. Paul*, 373 U.S. 272, 142-43 (1963) (concept of limited preemption)]

a. Whereas under California Law, a foreclosure automatically terminated any junior agreements [*Bank of America V. Hirsch Merc. Co.* (1944) 64 Cal App 2d 175, 182], Section 702(a)(2) of the PTFA makes the purchaser at the foreclosure sale subject to the

rights of the existing bonafide tenants. The tenancy is protected by federal law.

b. Whereas under California, a foreclosure eviction may be filed as to any such tenant on more 60 days' notice of termination [California Civil Procedures Code 1161a, 1161b], the PFTA requires that a full 90 days ' notice be given [PTFA 701(a)(a)]

c. Whereas under California Law, the notice of termination can be given at any time after the foreclosure purchaser has title [California Civil Procedures Code 1161a], under the PFTA the 90-day notice can ONLY be given when the tenancy is a month-to-month OR if the tenancy is a lease where the buyer who will move into the premises as their primary residence. [PFTA 701(a) (2)]

d. It is unlawful to evict a bona fide residential tenant of a foreclosed landlord under Federal Law.

7. The complaint in this action was filed in State Court as artful pleading, entitled by the Superior Court of California as Unlawful Detainer, pleadings intentionally fails to allege compliance with the PTFA, serving only a 3 day notice to quit. Thus, in order to evict a bona fide residential tenant of a foreclosed Landlord, Plaintiff was required to state a cause of action under the PTFA, but sought to avoid those protections by filing this action as an "Unlawful Detainer" by artful pleadings in State Court.

8. A well-pleaded complaint is shown at least where the Plaintiff's right to relief necessarily depends on resolution of a substantial question of Federal Law. *Armstrong v. N. Mariana*

*Islands*, 576 F.3d 950, 954-55 (9th Cir. 2009); *Empire Healthcare Assurance v. McVeigh* 547 US 677, 689-690 (2006); *Franchise Tax Bd. v. Const. Laborers Vacation Trust for S. Cal*. 463 US 1, 12, 27-28 (1983). Here, the complaint is based upon the PTFA, but it was brought in Superior , and misnomered "Unlawful Detainer."

9. Even where the cause of action is based on state law, the district court has subject matter jurisdiction over the case if

(1) the federal issues are essential to the claims,

(2) there is a substantial federal issues in resolving such issues, and

(3) a Federal forum may entertain the state law claims without disturbing the balance of federal and state judicial responsibilities. *Grable & Sons Metal Prods v. Darue Eng.r & Mfg*. 545 US 308, 327, 315 (2005). Here, the PTFA is essential to the right of possession, Congress passed the PTFA to express its substantial interest in such issues, and the "balance" of judicial responsibilities will not be disturbed.

10. Stripped of the artful pleading [*Arco Envtl. Remediation LLC v. Dept. of Health and Envtl Quality* 227 Fed 3d 1108, 1114 (9th, 2000)], the complaint attempts to state a cause of action in PTFA ejectment, and cannot state a cause of action in State unlawful detainer. The PTFA is that substantial question of law. The Plaintiff cannot defeat removal by omitting necessary federal question of law. The plaintiff cannot defeat removal by omitting necessary federal questions in the Complaint.

11. To be a federal cause of action, there must also be a private right of action. *Merrill Dow Pharms. Inv v. Thompson* 478 US 804,

817 (1986). It can be either express or implicit. *Diaz v. Davis* 549 Fed 3d 1223, 1229-1230 (9th Cir. 2008). The Court must look to the "rights creating" language and statutory structure within which it is contained. *Lamie v. United States Trustee* 540 US 526, 534 (2004). The Court must assume that Congress did not intend to create a right without a remedy. *First Pacific Bancorp, Inc v. Helfer*, 224 F.3d 1117, 1123, 1125-26 (9th Cir. 2000).

12. *The four criteria of Cort V. Ash* 422 US 66 (1975) are satisfied:

a. Defendant Diana Pelaez is a member of a protected class for whom the statue, the "Protecting Tenants at Foreclosure Act" was created.

b. The rights-creating language of the PTFA, its context, and the legislative history. *Opera Plaza Residential Parcel Homeowners Assn. v. Hoang* 376 Fed. 3d 831, 836 (2004), 9th Cir) are underscored by i. The language of the PTFA, particularly 702(a), ii. The lack of any other specified enforcement mechanism [*First Pacific Bancorp inc. v. Helfer* 224 Fed 3d 1117m 1123 (200, 9th Cir.); *Williams v. United Airlines, Inc 500* Fed 3d, 1019, 1024 (9th, 2007)], and iii. The legislative history.

c. The cause of action is consistent with the underlying purpose of the law: balancing the rights of the parties.

d. The "traditional status" of evictions as a state cause of action is the weakest of the criteria [*First Pacific Bancorp, Inc. v. Helfer*, 224 F. 3d 1117, 1127 (9th Cir. 2000)], particularly intended to occupy the filed and break tradition, with a bold new law intended to protect tenants whose landlords did not use the rent money to pay the

mortgage, in a distressed economy, under the Supremacy Clause.

27. The PTFA is not a defense, but the entire basis for the action to eject a bona fide residential tenant of a foreclosed landlord. Even without any defense of the PTFA being raised, Plaintiff cannot state a cause of action to remove such a tenant without framing the prima facie case in the language of the PTFA. The notice purports to comply with the PTFA, and without the reference to the 90-day notice required by the PTFA, Plaintiff would be unable to evict any such tenant.

14. The federal cause of action in ejectment is the basis for this action, irrespective of artful pleading, such that action could have been brought in Federal District Court.

**Removed Action**

15. The notice of removal is timely under Section 1446 (b) of Title 28 of the United States Code because it is filed within 30 days of discovering that the case was ripe for removal.

16. A true and correct copy of the State Court Complaint of the action, Defendant's Pre-Judgment Claim of Right to Possession and related documents, sought to be removed to this Court are attached hereto and incorporated herein by reference.

17. Defendant, Diana Pelaez is bona fide residential tenant of a foreclosed landlord, entitled to the protection of the PTFA, and entitled to remove this action to Federal Court.

18. Under California code of Civil Procedure 430.90, the state trial court hereby loses jurisdiction under the Federal Rules of Civil Procedure and does not recover jurisdiction, if at all, until and unless this action is remanded to the state Court,

after which jurisdiction will again attach as described in that statue.

Date: December 11, 2017

Diana Pelaez

Diana Pelaez, IN PRO PER

# Exhibit "A"

SUM-130

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

ORIGINAL FILED
Northwest District

JUL 06 2017

LOS ANGELES
SUPERIOR COURT

# SUMMONS
## (CITACION JUDICIAL)
### UNLAWFUL DETAINER—EVICTION
### (RETENCIÓN ILÍCITA DE UN INMUEBLE—DESALOJO)

**NOTICE TO DEFENDANT:** Carlos Flores
**(AVISO AL DEMANDADO):**

and Does 1 to 10

**YOU ARE BEING SUED BY PLAINTIFF:**
**(LO ESTÁ DEMANDANDO EL DEMANDANTE):** DONE PARTNERS II, LLC

You have 5 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. [illegible]

[illegible]

Tiene 5 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte [illegible]

[illegible]

1. The name and address of the court is: SUPERIOR COURT OF CALIFORNIA,
(El nombre y dirección de la corte es): COUNTY OF LOS ANGELES

CASE NUMBER: (Número del caso): 17B02720

6230 SYLMAR AVE.
VAN NUYS, CA 91401
NORTHWEST DISTRICT

FILE BY FAX
PER CRC
2.303

2. The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):
San Chandra SBN 203942 Law Offices of San Chandra, APC
710 S. Myrtle Ave., # 600
(626) 256-4939 Monrovia, CA 91016-2171

3. (Must be answered in all cases) An unlawful detainer assistant (Bus. & Prof. Code, §§ 6400–6415) [X] did not [ ] did for compensation give advice or assistance with this form. (If plaintiff has received any help or advice for pay from an unlawful detainer assistant, complete item 6 on the next page.)

Date: JUL 06 2017 Sherri R. Carter, Executive Officer/Clerk, by (Secretario) ERIN ACOSTA, Deputy (Adjunto)
(Fecha)

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).

[SEAL]

4. NOTICE TO THE PERSON SERVED: You are served
   a. [X] as an individual defendant.
   b. [ ] as the person sued under the fictitious name of (specify):
   c. [ ] as an occupant
   d. [ ] on behalf of (specify):
   under: [ ] CCP 416.10 (corporation) [ ] CCP 416.60 (minor)
   [ ] CCP 416.20 (defunct corporation) [ ] CCP 416.70 (conservatee)
   [ ] CCP 416.40 (association or partnership) [ ] CCP 416.90 (authorized person)
   [ ] CCP 415.46 (occupant) [ ] other (specify):
5. [ ] by personal delivery on (date):



SAM CHANDRA (# [illegible])
LAW OFFICES OF SAM CHANDRA, APC
[illegible] S. MYRTLE AVE, # [illegible]
MONROVIA, CA 91016
[illegible]

ATTORNEYS FOR PLAINTIFF

SUPERIOR COURT FOR THE STATE OF CALIFORNIA

COUNTY OF LOS ANGELES

| | |
|---|---|
| DUKE PARTNERS II, LLC | Case No. |
| Plaintiff, | COMPLAINT FOR UNLAWFUL DETAINER |
| vs. | Action based on Code of Civil Procedure Section 1161a |
| CARLOS FLORES | LIMITED CIVIL |
| and Does 1 to 10, | DEMAND DOES NOT EXCEED $10,000.00 |
| Defendants. | |

FILE BY FAX
PER CRC
2.303

Plaintiff alleges as follows:

1. Plaintiff is a: Limited Liability Co

2. Plaintiff alleges a cause of action against the following person(s) hereinafter "Defendants" for Unlawful Detainer: Carlos Flores

3. The true names or capacities, whether individual, corporate, associate, or otherwise, of Defendants DOES 1 through 10, inclusive, are unknown to Plaintiff, who therefore sues said Defendants by such fictitious names. Plaintiff is informed and believes and on such information

and belief alleges, that each of the Defendants designated herein as DOES was legally engaged in some manner for the reasons and happenings herein referred to and legally caused damages immediately thereby to Plaintiff as herein alleged.

On 11/16/2017, Plaintiff became the owner of said property by purchasing said property at a foreclosure sale.

7. The notice of the sale has been duly performed.

8. Pursuant to the recitations contained within the Trustee's Deed Upon Sale, the foreclosure sale and all required notices were accomplished in compliance with CC §2924 et seq.

9. The Real Property as stated above bears the APN number of: 2202004006

   The Real Property as stated above is located at: ██████ ███████ Street, Van Nuys, CA, █████, County of LOS ANGELES

9. No landlord/tenant relationship exists between the purchaser and the Defendants.

10. Since the date of sale, and continuing to present, Defendants have occupied said premises without the consent or authorization of the purchaser.

11. Defendants' title, if any, to said premises, that existed prior to the date of sale, was extinguished by said sale.

12. On 07/01/17, Plaintiff caused to be served on the Defendants a written notice in compliance with the Code of Civil Procedure, Section 1161a et seq., requiring and demanding that Defendant(s) quit and deliver up possession of the premises within 3 days.

13. More than 3 days have elapsed since the service of said notice. The notice has expired, but Defendants have failed and refused, and continues to fail and refuse, to quit and deliver up possession of the premises, Defendants(s) now being in possession thereof.

14. The reasonable rental rate of the premises is $ 2,750.00 per month. The daily rate based upon a 30 day month is $ 91.67.

15. Plaintiff is being damaged by the detention of this property in the sum of not less than $ 91.67 per day for the use and occupancy of said premises, and will continue to sustain damages at said rate for so long as Defendants remain in possession of the premises.

COMPLAINT FOR UNLAWFUL DETAINER
-2-

16. Plaintiff has not received any rents or other compensation from the Defendant(s).

17. The Defendants hold-over and continue in possession of the premises. Said hold-over and continued possession is willful, intentional, deliberate, and without permission or consent of Plaintiff. Plaintiff is entitled to immediate possession of the premises.

18. The premises are located in the above-entitled judicial district.

19. Defendants have had use and enjoyment of the premises, at the detriment of Plaintiff from the date of the service of the notice through today and will continue to enjoy the same through the date of entry of judgment or the date Plaintiff is finally able to recover possession of the premises.

WHEREFORE, Plaintiff prays against Defendants, and each of them, as follows:

1. For restitution and possession of the premises;
2. For damages in the amount of $91.67 per day or as allowed by law from 07/06/17 to the date of entry of judgment, or recovery of possession of the premises;
3. For Plaintiff's costs of suit;
4. For such other and further relief as the Court may deem just and proper.

Executed 07/06/17

Sam Chandra, Esq
Attorney for Plaintiff

EXHIBIT LIST:

The following exhibits are attached and incorporated into the complaint by reference:

1. Verification to Complaint
2. Deed
3. Notice and proof of service.

VERIFICATION of the Complaint:

I am:

[ ] the Plaintiff.

[ ] an Officer of the Plaintiff in this action, and am authorized to make this verification for and on its behalf.

[ ] a partner of the Plaintiff in this action, and am authorized to make this verification for and on its behalf.

[X] an agent of the Plaintiff in this action, and am authorized to make this verification for and on its behalf.

The matters stated in the foregoing document are true of my own knowledge except as to those matters stated on information and belief, and as to those matters I believe them to be true.

I request that a facsimile whether by traditional fax or by "scan and e-fax or e-mail" be accepted as an original pursuant to CRC 2.305(d).

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed in Redondo Beach, California. Pursuant to Code of Civil Procedure, Sections 2015.5 and 396a.

Olivia Reyes 7/14/17 [signature]
(Name, printed or typed) (Date) (Signature)

Pursuant to Evidence Code, § 1521 and Calif. Rules of Court, Rule 2.305(d), a signature hereon, if any, produced by facsimile transmission is admissible as an original.

Declaration of Attorney re Verification: My client has indicated to me that they are unable to proceed to my office to deliver a "wet ink signature", as such this document is either a faxed copy of the original or a scanned and e-mailed copy of the original. I request the court to accept it as an original per CRC 2.305(d). Sam Chandra 7/6/17 [signature]

Notice: Pursuant to the Fair Debt Collection Practices Act. If this document demands any sum of money, we hereby inform you that unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor. This is an attempt to collect a debt and any information obtained will be used for this purpose.

CP10.5

**NOTICE: EVERYONE WHO LIVES IN THIS RENTAL UNIT MAY BE EVICTED BY COURT ORDER. READ THIS FORM IF YOU LIVE HERE AND IF YOUR NAME IS NOT ON THE ATTACHED SUMMONS AND COMPLAINT.**

1. If you live here and you do not complete and submit this form, you may be evicted without further hearing by the court along with the persons named in the Summons and Complaint.
2. You must file this form within 10 days of the date of service listed in the box on the right hand side of this form.
   - **Exception:** If you are a tenant being evicted after your landlord lost the property to foreclosure, the 10-day deadline does not apply to you and you may file this form at any time before judgment is entered.
3. If you file this form, your claim will be determined in the eviction action against the persons named in the complaint.
4. If you do not file this form, you may be evicted without further hearing.
5. If you are a tenant being evicted due to foreclosure, you have additional rights and should seek legal advice immediately.

CLAIMANT OR CLAIMANT'S ATTORNEY (*Name and Address*): TELEPHONE NO.:

DIANA PELAEZ
15523 LEADWELL STREET
VAN NUYS, CA 91406

ATTORNEY FOR (*Name*): IN PRO PER

*FOR COURT USE ONLY*

**NAME OF COURT:** SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
STREET ADDRESS: 6230 SYLMAR AVE.
MAILING ADDRESS: 6230 SYLMAR AVE.
CITY AND ZIP CODE: VAN NUYS, CA 91401
BRANCH NAME: VAN NUYS COURTHOUSE EAST

Plaintiff: DUKE PARTNERS II, LLC
Defendant: CARLOS FLORES AND DOES 1 TO 10

**PREJUDGMENT CLAIM OF RIGHT TO POSSESSION**

CASE NUMBER: 17B02720

**Complete this form only if ALL of these statements are true:**
**1. You are NOT named in the accompanying Summons and Complaint.**
**2. You occupied the subject premises on or before the date the unlawful detainer (eviction) complaint was filed. (The date is in the accompanying Summons and Complaint.)**
**3. You still occupy the subject premises.**

*(To be completed by the process server)*
DATE OF SERVICE:
*(Date that form is served or delivered, posted, and mailed by the officer or process server)*

I DECLARE THE FOLLOWING UNDER PENALTY OF PERJURY:

1. My name is *(specify)*: DIANA PELAEZ
2. I reside at *(street address, unit no., city and ZIP code)*:

   15523 LEADWELL STREET
   VAN NUYS, CA 91406

3. The address of "the premises" subject to this claim is *(address)*:

   15523 LEADWELL STREET, VAN NUYS, CA 91406

4. On *(insert date)*: 07/06/2017, the landlord or the landlord's authorized agent filed a complaint to recover possession of the premises. *(This date is in the accompanying Summons and Complaint.)*
5. I occupied the premises on the date the complaint was filed *(the date in item 4)*. I have continued to occupy the premises ever since.
6. I was at least 18 years of age on the date the complaint was filed *(the date in item 4)*.
7. I claim a right to possession of the premises because I occupied the premises on the date the complaint was filed *(the date in item 4)*.
8. I was not named in the Summons and Complaint.
9. I understand that if I make this claim of possession, I will be added as a defendant to the unlawful detainer (eviction) action.
10. *(Filing fee)* I understand that I must go to the court and pay a filing fee of $ 225 or file with the court an "Application for Waiver of Court Fees and Costs." I understand that if I don't pay the filing fee or file the form for waiver of court fees, I will not be entitled to make a claim of right to possession.

(Continued on reverse)

CP10.5

| Plaintiff: DUKE PARTNERS II, LLC<br>Defendant: CARLOS FLORES AND DOES 1 TO 10 | CASE NUMBER:<br>17B02720 |
|---|---|

11. If my landlord lost this property to foreclosure, I understand that I can file this form at any time before judgment is entered, and that I have additional rights and should seek legal advice.

12. I understand that I will have *five days* (excluding court holidays) to file a response to the Summons and Complaint after I file this Prejudgment Claim of Right to Possession form.

**NOTICE: If you fail to file this claim, you may be evicted without further hearing.**

13. **Rental agreement.** I have *(check all that apply to you):*
    - a. [ ] an oral or written rental agreement with the landlord.
    - b. [ ] an oral or written rental agreement with a person other than the landlord.
    - c. [x] an oral or written rental agreement with the former owner who lost the property to foreclosure.
    - d. [ ] other *(explain):*

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

WARNING: Perjury is a felony punishable by imprisonment in the state prison.

Date: 7/14/2017

DIANA PELAEZ
(TYPE OR PRINT NAME)

▶ Diana Pelaez
(SIGNATURE OF CLAIMANT)

**NOTICE:** If you file this claim to possession, the unlawful detainer action against you will be determined at trial. At trial, you may be found liable for rent, costs, and, in some cases, treble damages.

## — NOTICE TO OCCUPANTS —

**YOU MUST ACT AT ONCE if all the following are true:**

1. **You are NOT named in the accompanying Summons and Complaint.**
2. **You occupied the premises on or before the date the unlawful detainer (eviction) complaint was filed.**
3. **You still occupy the premises.**

You can complete and SUBMIT THIS CLAIM FORM WITHIN 10 DAYS from the date of service (on the form) at the court where the unlawful detainer (eviction) complaint was filed. If you are a tenant and your landlord lost the property you occupy through foreclosure, this 10-day deadline does not apply to you. You may file this form at any time before judgment is entered. You should seek legal advice immediately.

If you do not complete and submit this form (and pay a filing fee or file a fee waiver form if you cannot pay the fee), YOU WILL BE EVICTED.

After this form is properly filed, you will be added as a defendant in the unlawful detainer (eviction) action and your right to occupy the premises will be decided by the court. *If you do not file this claim, you may be evicted without a hearing.*

# FW-001 Request to Waive Court Fees

**CONFIDENTIAL**

*Clerk stamps date here when form is filed.*

*Fill in court name and street address:*

**Superior Court of California, County of**

LOS ANGELES
6230 SYLMAR AVE.
VAN NUYS, CA 91401
VAN NUYS COURTHOUSE

*Fill in case number and name:*

**Case Number:** 17B02720

**Case Name:** DUKE PARTNERS VS. FLORES

If you are getting public benefits, are a low-income person, or do not have enough income to pay for your household's basic needs and your court fees, you may use this form to ask the court to waive your court fees. The court may order you to answer questions about your finances. If the court waives the fees, you may still have to pay later if:

- You cannot give the court proof of your eligibility,
- Your financial situation improves during this case, or
- You settle your civil case for **$10,000** or more. The trial court that waives your fees will have a lien on any such settlement in the amount of the waived fees and costs. The court may also charge you any collection costs.

1. **Your Information** *(person asking the court to waive the fees):*
   Name: DIANA PELAEZ
   Street or mailing address: 15523 LEADWELL STREET
   City: VAN NUYS State: CA Zip: 91406
   Phone number: ______

2. **Your Job,** if you have one *(job title):* Hair Stylist
   Name of employer: SELF-EMPLOYED
   Employer's address: ______

3. **Your Lawyer,** if you have one *(name, firm or affiliation, address, phone number, and State Bar number):*
   ______
   a. The lawyer has agreed to advance all or a portion of your fees or costs *(check one):* Yes ☐ No ☐
   b. *(If yes, your lawyer must sign here)* Lawyer's signature: ______
   *If your lawyer is not providing legal-aid type services based on your low income, you may have to go to a hearing to explain why you are asking the court to waive the fees.*

4. **What court's fees or costs are you asking to be waived?**
   ☑ Superior Court (See *Information Sheet on Waiver of Superior Court Fees and Costs* (form FW-001-INFO).)
   ☐ Supreme Court, Court of Appeal, or Appellate Division of Superior Court (See *Information Sheet on Waiver of Appellate Court Fees* (form APP-015/FW-015-INFO).)

5. **Why are you asking the court to waive your court fees?**
   a. ☑ I receive *(check all that apply; see form FW-001-INFO for definitions):* ☐ Food Stamps ☐ Supp. Sec. Inc. ☐ SSP ☑ Medi-Cal ☐ County Relief/Gen. Assist. ☐ IHSS ☐ CalWORKS or Tribal TANF ☐ CAPI
   b. ☐ My gross monthly household income (before deductions for taxes) is not more than the amount listed below. *(If you check 5b, you must fill out 7, 8, and 9 on page 2 of this form.)*

| Family Size | Family Income | Family Size | Family Income | Family Size | Family Income | *If more than 6 people at home, add $433.34 for each extra person.* |
|---|---|---|---|---|---|---|
| 1 | $1,237.50 | 3 | $2,100.00 | 5 | $2,962.50 | |
| 2 | $1,668.75 | 4 | $2,531.25 | 6 | $3,393.75 | |

   c. ☐ I do not have enough income to pay for my household's basic needs *and* the court fees. I ask the court to: *(check one and you **must** fill out page 2):*
   ☐ waive all court fees and costs ☐ waive some of the court fees
   ☐ let me make payments over time

6. ☐ Check here if you asked the court to waive your court fees for this case in the last six months. *(If your previous request is reasonably available, please attach it to this form and check here:)* ☐

**I declare under penalty of perjury under the laws of the State of California that the information I have provided on this form and all attachments is true and correct.**

Date: 7/14/2017

DIANA PELAEZ
*Print your name here*

[signature]
*Sign here*

Judicial Council of California, www.courts.ca.gov
Revised March 1, 2016, Mandatory Form
Government Code, § 68633
Cal. Rules of Court, rules 3.51, 8.26, and 8.818

**Request to Waive Court Fees**

**FW-001**, Page 1 of 2
→

Your name: DIANA PELAEZ

Case Number: 17B02720

*If you checked 5a on page 1, do not fill out below. If you checked 5b, fill out questions 7, 8, and 9 only. If you checked 5c, you **must** fill out this entire page. If you need more space, attach form MC-025 or attach a sheet of paper and write Financial Information and your name and case number at the top.*

**7** ☐ Check here if your income changes a lot from month to month. If it does, complete the form based on your average income for the past 12 months.

**8 Your Gross Monthly Income**

a. List the source and amount of ***any*** income you get each month, including: wages or other income from work before deductions, spousal/child support, retirement, social security, disability, unemployment, military basic allowance for quarters (BAQ), veterans payments, dividends, interest, trust income, annuities, net business or rental income, reimbursement for job-related expenses, gambling or lottery winnings, etc.

(1) ______ $______
(2) ______ $______
(3) ______ $______
(4) ______ $______

b. **Your total monthly income:** $______

**9 Household Income**

a. List the income of all other persons living in your home who depend in whole or in part on you for support, or on whom you depend in whole or in part for support.

| | Name | Age | Relationship | Gross Monthly Income |
|---|---|---|---|---|
| (1) | | | | $ |
| (2) | | | | $ |
| (3) | | | | $ |
| (4) | | | | $ |

b. **Total monthly income of persons above:** $______

**Total monthly income *and* household income** *(8b plus 9b)*: $______

**10 Your Money and Property**

a. Cash $______

b. All financial accounts *(List bank name and amount)*:

(1) ______ $______
(2) ______ $______
(3) ______ $______

c. Cars, boats, and other vehicles

| | Make / Year | Fair Market Value | How Much You Still Owe |
|---|---|---|---|
| (1) | | $ | $ |
| (2) | | $ | $ |
| (3) | | $ | $ |

d. Real estate

| | Address | Fair Market Value | How Much You Still Owe |
|---|---|---|---|
| (1) | | $ | $ |
| (2) | | $ | $ |

e. Other personal property (jewelry, furniture, furs, stocks, bonds, etc.):

| | Describe | Fair Market Value | How Much You Still Owe |
|---|---|---|---|
| (1) | | $ | $ |
| (2) | | $ | $ |

**11 Your Monthly Deductions and Expenses**

a. List any payroll deductions and the monthly amount below:

(1) ______ $______
(2) ______ $______
(3) ______ $______
(4) ______ $______

b. Rent or house payment & maintenance $______
c. Food and household supplies $______
d. Utilities and telephone $______
e. Clothing $______
f. Laundry and cleaning $______
g. Medical and dental expenses $______
h. Insurance (life, health, accident, etc.) $______
i. School, child care $______
j. Child, spousal support (another marriage) $______
k. Transportation, gas, auto repair and insurance $______
l. Installment payments *(list each below)*:
Paid to:
(1) ______ $______
(2) ______ $______
(3) ______ $______
m. Wages/earnings withheld by court order $______
n. Any other monthly expenses *(list each below)*. $______
Paid to: How Much?
(1) ______ $______
(2) ______ $______
(3) ______ $______

**Total monthly expenses** *(add 11a – 11n above)*: $______

To list any other facts you want the court to know, such as unusual medical expenses, etc., attach form MC-025 or attach a sheet of paper and write Financial Information and your name and case number at the top.

*Check here if you attach another page.* ☐

***Important!*** **If your financial situation or ability to pay court fees improves, you must notify the court within five days on form FW-010.**

For your protection and privacy, please press the Clear

**FW-003** **Order on Court Fee Waiver (Superior Court)**

Clerk stamps date here when form is filed.

Fill in court name and street address:
**Superior Court of California, County of**
LOS ANGELES
6230 SYLMAR AVE.
VAN NUYS, CA 91401
VAN NUYS COURTHOUSE

Fill in case number and name:
**Case Number:** 17B02720
**Case Name:** DUKE PARTNERS VS. FLORES

(1) **Person who asked the court to waive court fees:**
Name: DIANA PELAEZ
Street or mailing address: 15523 LEADWELL STREET
City: VAN NUYS State: CA Zip: 91406

(2) **Lawyer, if person in (1) has one** *(name, address, phone number, e-mail, and State Bar number):* ______

(3) A request to waive court fees was filed on *(date):* ______
☐ The court made a previous fee waiver order in this case on *(date):*

***Read this form carefully. All checked boxes ☑ are court orders.***

**Notice:** The court may order you to answer questions about your finances and later order you to pay back the waived fees. If this happens and you do not pay, the court can make you pay the fees and also charge you collection fees. If there is a change in your financial circumstances during this case that increases your ability to pay fees and costs, you must notify the trial court within five days. (Use form FW-010.) If you win your case, the trial court may order the other side to pay the fees. If you settle your civil case for **$10,000** or more, the trial court will have a lien on the settlement in the amount of the waived fees. The trial court may not dismiss the case until the lien is paid.

(4) After reviewing your: ☐ *Request to Waive Court Fees* ☐ *Request to Waive Additional Court Fees*
***the court makes the following orders:***

a. ☐ The court **grants** your request, as follows:

(1) ☐ **Fee Waiver.** The court grants your request and waives your court fees and costs listed below: *(Cal. Rules of Court, rules 3.55 and 8.818.)* You do not have to pay the court fees for the following:

- Filing papers in Superior Court
- Making copies and certifying copies
- Sheriff 's fee to give notice
- Court fee for phone hearing
- Giving notice and certificates
- Sending papers to another court department
- Court-appointed interpreter in small claims court
- Reporter's fee for attendance at hearing or trial, if reporter provided by the court
- Assessment for court investigations under Probate Code section 1513, 1826, or 1851
- Preparing, certifying, copying, and sending the clerk's transcript on appeal
- Holding in trust the deposit for a reporter's transcript on appeal under rule 8.130 or 8.834
- Making a transcript or copy of an official electronic recording under rule 8.835

(2) ☐ **Additional Fee Waiver.** The court grants your request and waives your additional superior court fees and costs that are checked below. *(Cal. Rules of Court, rule 3.56.)* You do not have to pay for the checked items.

☐ Jury fees and expenses
☐ Fees for court-appointed experts
☐ Fees for a peace officer to testify in court
☐ Court-appointed interpreter fees for a witness
☐ Other *(specify):* ______

Judicial Council of California, www.courts.ca.gov
Revised July 1, 2015, Mandatory Form
Government Code, § 68634(e)
Cal. Rules of Court, rule 3.52

**Order on Court Fee Waiver (Superior Court)** **FW-003, Page 1 of 2**

Your name: DIANA PELAEZ

Case Number: 17B02720

b. ☐ The court **denies** your fee waiver request, as follows:

**Warning!** If you miss the deadline below, the court cannot process your request for hearing or the court papers you filed with your original request. If the papers were a notice of appeal, the appeal may be dismissed.

(1) ☐ The court **denies** your request because it is incomplete. You have **10 days** after the clerk gives notice of this order (see date of service on next page) to:

- Pay your fees and costs, or
- File a new revised request that includes the items listed below *(specify incomplete items):*

(2) ☐ The court **denies** your request because the information you provided on the request shows that you are not eligible for the fee waiver you requested *(specify reasons):*

The court has enclosed a blank *Request for Hearing About Court Fee Waiver Order (Superior Court),* form FW-006.You have **10 days** after the clerk gives notice of this order (see date of service below) to:

- Pay your fees and costs in full or the amount listed in c. below, or
- Ask for a hearing in order to show the court more information. *(Use form FW-006 to request hearing.)*

c. ☐ The court needs more information to decide whether to grant your request. You must go to court on the date below. The hearing will be about *(specify questions regarding eligibility):*

☐ Bring the following proof to support your request if reasonably available:

**Hearing Date** → Date: ______ Time: ______ Dept.: ______ Room: ______

Name and address of court if different from above:

**Warning!** If item c is checked, and you do not go to court on your hearing date, the judge will deny your request to waive court fees, and you will have 10 days to pay your fees. If you miss that deadline, the court cannot process the court papers you filed with your request. If the papers were a notice of appeal, the appeal may be dismissed.

Date: ______

*Signature of (check one):* ☐ *Judicial Officer* ☐ *Clerk, Deputy*

**Request for Accommodations.** Assistive listening systems, computer-assisted real-time captioning, or sign language interpreter services are available if you ask at least 5 days before your hearing. Contact the clerk's office for *Request for Accommodation,* Form MC-410. (Civil Code, § 54.8.)

## Clerk's Certificate of Service

I certify that I am not involved in this case and *(check one):* ☐ A certificate of mailing is attached.

☐ I handed a copy of this order to the party and attorney, if any, listed in ① and ② at the court, on the date below.

☐ This order was mailed first class, postage paid, to the party and attorney, if any, at the addresses listed in ① and ②, from *(city):* ______, California on the date below.

Date: ______ Clerk, by ______, Deputy

**This is a Court Order.**

For your protection and privacy, please press the Clear This Form button after you have printed the form.